IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SIME HICKSON, #24252-077, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-1666-G |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for writ of habeas corpus filed by a federal prisoner pursuant to 28 U.S.C. § 2241.

Parties: Movant is an inmate in the federal prison system. He is presently confined at the United States Penitentiary (USP) in Beaumont, Texas. The Court did not issue process in this case, pending preliminary screening.

Statement of the Case: Following his plea of not guilty, a jury convicted Petitioner of car jacking, using and carrying a firearm during a crime of violence, obstructing commerce by robbery, and aiding and abetting (counts 5-12 of a superseding indictment). *See United States v. Hickson*, 3:93cr054-G(01) (N.D. Tex., Dallas Div.). On September 16, 1993, the District Court entered judgment sentencing Petitioner to a total sentence of 990 months imprisonment, and a two-year term of supervised release. *Id.* The remaining counts were dismissed on the

government's motion. The Fifth Circuit Court of Appeals affirmed his conviction and sentence.

On January 24, 2006, Movant filed a § 2255 motion challenging the enhancement of his sentence under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). *See Hickson v. United States*, 3:06cv0159-G (N.D. Tex. 2006). The district court denied relief. *See id.* (Apr. 7, 2006) (order accepting findings, conclusions and recommendation of the magistrate judge). Movant did not appeal.

In the present § 2241 petition, Petitioner seeks to be re-sentenced with the court establishing a restitution schedule rather than delegating the matter to a probation officer.

<u>Findings and Conclusions:</u>  A § 2241 petition must be filed in the district where the prisoner is incarcerated. *See Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (the district of incarceration is the only district that has jurisdiction to entertain a § 2241 petition); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999) (same); *see also United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). Accordingly, insofar as Petitioner seeks relief under § 2241, the district court – as the sentencing court – lacks jurisdiction to entertain the habeas petition in this case. *See Lee*, 244 F.3d at 374-75.

Insofar as the petition seeks relief under § 2255, it should likewise be dismissed for want of jurisdiction. Petitioner requests a re-sentencing and the establishment of a restitution schedule, matters that should have been brought in a proceeding pursuant to 28 U.S.C. § 2255. *Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir. 1998). Petitioner has already unsuccessfully sought § 2255 relief. Therefore, the instant pleading, which raises a claim that was or could have

been brought in a prior § 2255 motion, is successive.[1]

The Fifth Circuit has not issued an order authorizing this court to consider a successive § 2255 motion. Movant must obtain such an order before another motion for post-conviction relief under § 2255 is filed. In *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), the Fifth Circuit stated that "'§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until . . . [the Fifth Circuit] has granted the petitioner permission to file one.'" *See Hooker*, 187 F.3d 680, 682. Consequently, the district court lacks jurisdiction to construe the § 2241 petition as a § 2255 motion. *Id.* at 681-82 (holding that district court lacked jurisdiction to construe Hooker's petition as a § 2255 motion because he had not received prior authorization from the Fifth Circuit to file a successive § 2255 motion); *see also Alvarez v. United States*, 168 Fed. Appx. 648, 649 (5th Cir. 2006) (unpublished per curiam) (affirming dismissal for want of jurisdiction of § 2241 petition because petition was not filed in the district of incarceration, and district court lacked jurisdiction to construe petition as a § 2255 motion because petitioner had not received prior authorization from the Fifth Circuit to file a successive § 2255 motion).

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. *See* 28 U.S.C. § 2255, ¶ 8; 28 U.S.C. § 2244(b)(3)(A). A defendant/movant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255, ¶ 8; *see In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005) (per curiam). This determination must be made by a three-judge panel of the court of appeals before a defendant files his motion in the district court. 28 U.S.C. §§ 2244(b)(3)(A) and 2255.

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition be DISMISSED for want of jurisdiction. The district court lacks jurisdiction to entertain Petitioner's pleading as a § 2241 petition. Similarly the district court lacks jurisdiction to construe the petition as a § 2255 motion because Petitioner has not received prior permission from the Fifth Circuit to file a successive § 2255 motion.

The Clerk will mail a copy of this recommendation to Movant.

Signed this 4th day of February, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.